IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHRISTINA NIELSEN, individually
and on behalf of all similarly situated
persons,

     Plaintiff,

v.

CROSSCOUNTRY MORTGAGE,
LLC,

     Defendant.

Action No.: 1:24-cv-02460-JPB

JUDGE J.P. BOULEE

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

**1. Description of Case:**

(a) Describe briefly the nature of this action.

**This is a Fair Labor Standards Act (FLSA) collective action brought by Plaintiff, Christina Nielsen, against Defendant, CrossCountry Mortgage, LLC. Nielsen alleges that she was improperly classified as exempt and that she is owed overtime.**

(b) Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

**Nielsen alleges that she and other CrossCountry Mortgage employees were deprived of overtime while performing the work of loan processors.**

Nielsen alleges that she, and others similarly situated, worked more than forty hours and should have been paid overtime.  Plaintiff seeks alleged unpaid overtime compensation, liquidated damages, recoverable interest, and attorneys' fees and costs. Defendant contests this forum, Nielsen's ability to represent the putative collective, and otherwise denies all liability.

(c) The legal issues to be tried are as follows:

There will be numerous legal issues in this case. As an initial matter, CrossCountry contests this forum and has filed a Motion to Compel Arbitration, Stay Proceedings, and Dismiss Collective Action based on the terms of Nielsen's employment agreement. (ECF Docs. 10 and 12). Plaintiff disagrees and opposed the motion (ECF Doc. 11). (ECF Doc. 11).  The parties are awaiting a ruling on this motion.[1]

Should CrossCountry's motion be denied, the legal issues in this forum include:

1.  **Whether Plaintiff is similarly situated to the putative collective she seeks to represent.**

---

[1] CrossCountry is filing this Joint Preliminary Report and Discovery Plan due to the Court's Order on February 25, 2025. CrossCountry does not waive its position or any argument that Nielsen must bring her claims through arbitration and that she is otherwise barred from bringing this collective action pursuant to her employment agreement, nor does it waive or concede that by complying with the Court's Order (or with the Court's local rules), it has participated in the litigation process such that a waiver would occur from this action.

2. **Whether the Court should permit this case to proceed as a collective action and facilitate notice to putative collective action members.**

3. **Whether the two-step certification process is appropriate or whether a more rigorous, single-step process should be required.**

4. **Whether Plaintiff or others alleged to be similarly situated were properly classified as exempt from the FLSA's overtime requirements.**

5. **If Plaintiff and/or others alleged to be similarly situated were misclassified as exempt, what, if any, relief they should be awarded, including overtime pay for each workweek in which they worked more than forty hours and liquidated damages.**

6. **Whether Plaintiff's claims and/or the claims of the putative collective are limited by the applicable statute of limitations.**

7. **Whether bonuses paid to Plaintiff and/or others alleged to be similarly situated should be included for purposes of calculation of any overtime pay due.**

8. **Post-trial, the expenses of litigation including reasonable attorneys' fees and costs, to which Plaintiff and others allegedly similarly situated are entitled, if any.**

(d) The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

(2) Previously Adjudicated Related Cases:

**2.    This case is complex because it contains one or more of the features listed below (please check):**

__X__ (1) Unusually large number of parties
_____ (2) Unusually large number of claims or defenses
_____ (3) Factual issues are exceptionally complex
_____ (4) Greater than normal volume of evidence
__X__ (5) Extended discovery period is needed
_____ (6) Problems locating or preserving evidence
_____ (7) Pending parallel investigations or action by government
_____ (8) Multiple use of experts
_____ (9) Need for discovery outside United States boundaries
_____ (10) Existence of highly technical issues and proof
_____ (11) Unusually complex discovery of electronically stored information

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead counsel for the parties:

Defendant:                                        John S. Snelling
                                                        Georgia Bar No. 665759
                                                        600 Peachtree Street, N.E., Suite 4700
                                                        Atlanta, GA 30308
                                                        (404) 567-6588 (telephone)
                                                        (404) 467-8845 (facsimile)
                                                        John.Snelling@lewisbrisbois.com

                                                        Kerri L. Keller, *Admitted Pro Hac Vice*
                                                        Ohio Bar No. 0075075
                                                        1 Gojo Plaza, Suite 310
                                                        Akron, OH  44311
                                                        (330) 272-0000 (telephone)
                                                        (330) 272-0019 (facsimile)
                                                        Kerri.Keller@lewisbrisbois.com

Jonathan A. Beckerman, *Pro Hac Vice Forthcoming*
Florida Bar No. 568252
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
(954) 728-1280 (telephone)
(954) 728-1282 (facsimile)
Jonathan.Beckerman@lewisbrisbois.com

Plaintiff:

Tracey T. Barbaree
Georgia Bar No. 036792
1175 Peachtree Street N.E., Suite 1850
Atlanta, Georgia 30361
(404) 748-9122 (telephone)
tbarbaree@moellerbarbaree.com

J. Stephen Mixon
Georgia Bar No.514050
3344 Peachtree Rd. N.E., Suite 800
Atlanta, Georgia 30326
(770) 955-0100 (telephone)
steve@mixon-law.com

## 4.    Jurisdiction:

Is there any question regarding this Court's jurisdiction?

   **x**  Yes             _____  No

If "yes," please attach a statement, not to exceed one page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**CrossCountry contends that Nielsen's individual claims must be brought**

**in arbitration pursuant to her employment agreement and that Nielsen is**

barred from bringing a collective action pursuant to her employment agreement. (ECF Docs. 10 and 12). Plaintiff opposes CrossCountry's pending motion.

**5.    Parties to This Action:**

(a) The following persons are necessary parties who have not been joined:

Pursuant to 29 U.S.C. §216(b), Plaintiff intends to pursue collective action claims on behalf of similarly situated current and former employees of CrossCountry.

(b) The following persons are improperly joined as parties:

**None.**

(c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

**None.**

(d) The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.    Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)    List separately any amendments to the pleadings that the parties anticipate will be necessary:

**None.**

(b)     Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)     *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).

**The parties will exchange initial disclosures, if necessary, after a ruling on CrossCountry's motion, in accordance with the Fed. R. Civ. P. 26 and Local Rule 26.1.**

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

**The parties do not request a scheduling conference at this time.**

**10.    Discovery Period:**

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Should CrossCountry's motion be denied, the parties will confer regarding the scope of discovery and whether discovery for purposes of collective action issues should utilize any phased approach.**

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**The parties anticipate that they will need additional time for discovery due to the pending Motion to Compel Arbitration, Stay Proceedings, and Dismiss Collective Action and the Court's ruling on same, as outlined above.**

**11.    Discovery Limitation and Discovery of Electronically Stored Information:**

(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?

**None at this time.**

(b)    Is any party seeking discovery of electronically stored information?

__ x __    Yes            _____    No

If "yes,"

(1)    The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

**The parties have agreed to discuss electronic discovery after the Court rules on CrossCountry's Motion and agree to work through the process cooperatively while each reserving the right to raise issues with the Court if necessary.**

(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**The parties will agree to the production of electronically stored information in searchable Portable Document Format (PDF) and native documents on disc or through email depending on the size of the production**

**files. The parties do not yet know if metadata will be at issue, but agree to work**

**cooperatively together if there are any such issues.**

**12.    Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

**CrossCountry would require a protective order before producing any**

**sensitive business or personal information of its employees (and former**

**employees).**

**13.    Settlement Potential:**

(a)    Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on **February 28, 2025**, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For Plaintiff                              **(signature):**  /s/ Tracey T. Barbaree

For Defendant                           **(signature):**  /s/ Kerri L. Keller

(b)    All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( )    A possibility of settlement before discovery.
( )    A possibility of settlement after discovery.
( )    A possibility of settlement, but a conference with the judge is needed.
( )    No possibility of settlement.

**No settlement discussions have been conducted in light of**
**CrossCountry's pending motion.**

(c)    Counsel ( X ) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is:

**See above.**

(d)    The following specific problems have created a hindrance to settlement of this case.

**See above.**

## 14.    **Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

(a)    The parties ( ) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)    The parties ( **x** ) do not consent to having this case tried before a magistrate judge of this Court.

Dated this 4th day of March, 2025.

Prepared and Consented to by:                    Consented to by:

*/s/ Kerri L. Keller*                                    */s/ Tracey T. Barbaree*
John S. Snelling                                        Tracey T. Barbaree
Georgia Bar No. 665759                              Georgia Bar No. 036792
LEWIS, BRISBOIS,                                        *(telephone permission)*
BISGAARD & SMITH, LLP                              MOELLER BARBAREE LLP
600 Peachtree Street, Suite 4700              1175 Peachtree Street N.E., Suite
Atlanta, Georgia 30308                            1850
(404) 348-8585 (telephone)                      Atlanta, Georgia 30361
(404) 467-8845 (fax)                              (404) 748-9122 (telephone)
John.Snelling@lewisbrisbois.com              tbarbaree@moellerbarbaree.com

Kerri L. Keller, *Admitted Pro Hac Vice*
Ohio Bar No. 0075075
1 Gojo Plaza, Suite 310
Akron, OH  44311
(330) 272-0000 (telephone)
(330) 272-0019 (fax)
Kerri.Keller@lewisbrisbois.com

Jonathan A. Beckerman, *Pro Hac Vice Forthcoming*
Florida Bar No. 568252
110 SE 6th Street, Suite 2600
Fort Lauderdale, Florida 33301
(954) 728-1280 (telephone)
(954) 728-1282 (fax)
Jonathan.Beckerman@lewisbrisbois.com

*Attorneys for Defendant, CrossCountry Mortgage, LLC*

J. Stephen Mixon
THE MIXON LAW FIRM
Georgia Bar No. 514050
3344 Peachtree Rd. N.E., Suite 800
Atlanta, Georgia 30326
(770) 955-0100 (telephone)
steve@mixon-law.com

*Attorneys for Plaintiff, Christina Nielsen*

* * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2025.