UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHRISTINA NIELSEN,<br><br>       Plaintiff,<br><br>       v.<br><br>CROSSCOUNTRY MORTGAGE, LLC,<br><br>       Defendant. | CIVIL ACTION NO.<br>1:24-CV-02460-JPB |

# ORDER

This matter is before the Court on CrossCountry Mortgage, LLC's ("Defendant") Motion to Compel Arbitration, Stay Proceedings and Dismiss Collective Action [Doc. 10]. The Court finds as follows:

## BACKGROUND

Christina Nielsen ("Plaintiff") filed this collective action on behalf of herself and others similarly situated on June 5, 2024. [Doc. 1]. She alleges that Defendant, her former employer, willfully failed to pay her, and other full-time employees, overtime wages in violation of the Fair Labor Standards Act ("FLSA"). Id. at 6, 9–11.

On September 20, 2024, Defendant filed the instant Motion to Compel Arbitration, Stay Proceedings and Dismiss Collective Action. [Doc. 10]. The motion relies on two provisions of an employment agreement between Defendant and Plaintiff ("Employment Agreement")—the arbitration clause and the collective action waiver. Id. The arbitration clause provides, in pertinent part:

> Company and Employee agree that all disputes, disagreements and questions of interpretation concerning this Agreement, the entering into of this Agreement, the enforceability of this provision regarding arbitration of claims, any alleged violation of any and all laws . . . and any other claim relating to the employment relationship, shall be submitted for resolution to the American Arbitration Association for resolution by a single arbitrator, that may be mutually agreed upon by the Parties, in accordance with the Association's then-current Rules for Resolution of Employment Disputes.

Id. at 4. The collective action waiver provides:

> EMPLOYEE AND COMPANY ARE EACH GIVING UP HIS/HER/ITS RIGHT TO PARTICIPATE IN A CLASS ACTION OR COLLECTIVE ACTION BECAUSE ALL CLAIMS WILL BE RESOLVED EXCLUSIVELY THROUGH ARBITRATION. EMPLOYEE AND COMPANY AGREE THAT EACH MAY BRING CLAIMS AGAINST THE OTHER ONLY IN HIS/HER/ITS INDIVIDUAL CAPACITY AND NOT AS A PLAINTIFF OR CLASS MEMBER IN ANY PURPORTED CLASS OR REPRESENTATIVE PROCEEDING.

Id. Pursuant to the above provisions, Defendant argues that this case should be sent to arbitration and that Plaintiff's collective action claim should be dismissed under Federal Rule of Civil Procedure 12(b)(6). Id. at 13. Additionally, in the

event that the Court compels arbitration, Plaintiff requests fees, costs and expenses pursuant to the fee-shifting provision in the Employment Agreement, which states, "[i]f Employee brings a claim in court that should have been brought in arbitration pursuant to this Agreement, Employee agrees to pay Company's attorneys' fees, costs and expenses associated with transferring the matter to arbitration, including any filing fees charged by the arbitration tribunal." Id. at 4, 13.  Plaintiff filed a response to the motion, arguing that (1) her FLSA claim does not arise from the Employment Agreement, (2) Defendant impliedly waived its right to arbitrate, (3) the collective action claim is not precluded by the contractual waiver and (4) the attorney's fees provision is inapplicable and unconscionable.  [Doc. 11].  The motion is now ripe for review.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") "embodies a liberal federal policy favoring arbitration agreements." Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005) (quotation marks omitted).  Section 2 of the Act provides, in relevant part:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

3

9 U.S.C. § 2.  On a motion to compel arbitration, a court undertakes a two-step inquiry to determine (1) whether the parties agreed to arbitrate the dispute in question and, if they did, (2) whether legal constraints external to their agreement foreclose arbitration.  Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 628 (1985).  Courts apply state contract law to questions regarding the validity, revocability and enforceability of arbitration agreements.  Caley, 428 F.3d at 1368.  An arbitration clause may be deemed unenforceable for the same reasons as any other contract, such as fraud or unconscionability.  Mitsubishi, 473 U.S. at 627.  There may also be statutory barriers to arbitration, such as a congressional intention to adjudicate certain substantive rights solely in a judicial forum.  Id. at 628.  When an arbitration agreement clears both prongs of the FAA test, a court must either stay or dismiss the lawsuit and compel arbitration.  Lambert v. Austin Indus., 544 F.3d 1192, 1195 (11th Cir. 2008).

## ANALYSIS

The Court's analysis proceeds in three parts.  First, the Court will consider whether it is permitted to weigh in on questions of arbitrability and, if so, whether Plaintiff's claim is within the scope of the arbitration clause.  Second, the Court will discuss whether Defendant waived its right to arbitrate through its conduct.

Third, the Court will address whether Defendant can recover fees, costs and expenses associated with transferring this matter to arbitration.

I.      **Arbitrability of the FLSA Claim**

The parties dispute whether Plaintiff's claim falls within the scope of the arbitration clause. At the outset, however, the Court must consider whether the Employment Agreement requires that dispute to be resolved by an arbitrator, rather than this Court. Parm v. Nat'l Bank of Cal., N.A., 835 F.3d 1331, 1335 (11th Cir. 2016). As a general matter, courts, not arbitrators, determine the threshold issue of whether certain claims are arbitrable. Attix v. Carrington Mortg. Servs., LLC, 35 F.4th 1284, 1295 (11th Cir. 2022). However, "[s]ometimes, parties agree not only to arbitrate the merits of any claims that arise from their contract, but also to arbitrate . . . questions about the 'arbitrability' of those claims, such as questions about the 'enforceability, scope, [or] applicability' of the parties' agreement to arbitrate." Id. (quoting Jones v. Waffle House, Inc., 866 F.3d 1257, 1264 (11th Cir. 2017)). An agreement to delegate those threshold questions to an arbitrator is often called a "delegation agreement" or "delegation provision." Id.

While parties are "free to have an arbitrator decide their threshold disputes," courts can only compel arbitration upon a showing of "clear and unmistakable evidence" that the parties intended to do so, and courts must "resolve ambiguities

in [delegation provisions] in favor of the party opposing arbitration." Id. at 1295–96 (citations omitted). Significantly, the Eleventh Circuit Court of Appeals has held that "by incorporating [American Arbitration Association] rules into an agreement parties clearly and unmistakably evince an intent to delegate questions of arbitrability." JPay, Inc. v. Kobel, 904 F.3d 923, 937 (11th Cir. 2018).

Here, as discussed, the arbitration clause provides that "any . . . claim relating to the employment relationship, shall be submitted for resolution . . . in accordance with the [American Arbitration] Association's then-current Rules for Resolution of Employment Disputes." [Doc. 10, p. 4]. The Court finds that such language provides clear and unmistakable evidence of delegation. JPay, 904 F.3d at 937. Accordingly, unless the Court concludes that Defendant waived its right to arbitrate, this Court will not consider whether Plaintiff's claim is within the scope of the arbitration clause nor weigh in on the merits of Plaintiff's collective action suit. Parm, 835 F.3d at 1335; Sullivan v. PJ United, Inc., No. 13-CV-1275, 2013 WL 4827605, at *2 (N.D. Ala. Sept. 10, 2013) ("[I]nterpretation of the collective action waiver provision is a question for the arbitrator.").

II.   **Waiver of the Right to Arbitrate**

The Court will now address whether Defendant has impliedly waived its right to arbitrate. "[D]espite the strong policy in favor of arbitration, a party may,

6

by its conduct, waive its right to arbitration." S & H Contractors, Inc. v. A.J. Taft Coal Co., 906 F.2d 1507, 1514 (11th Cir. 1990).  Waiver can be inferred when a party "acts inconsistently with the arbitration right." Garcia v. Wachovia Corp., 699 F.3d 1273, 1277 (11th Cir. 2012) (citations omitted).  Typically, a party does so by first "invok[ing] the litigation machinery" and then "revers[ing] course and claim[ing] that arbitration was the proper avenue all along." Payne v. Savannah Coll. of Art & Design, Inc., 81 F.4th 1187, 1201 (11th Cir. 2023).

Ultimately, the primary issue is whether, under the facts of the case, the movant's conduct deprived the nonmovant of "fair notice" of the movant's intent to arbitrate.  Gutierrez v. Wells Fargo Bank, NA, 889 F.3d 1230, 1236 (11th Cir. 2018).  In more practical terms, waiver doctrine generally seeks to curb "outcome-oriented gamesmanship" by prohibiting a party from "forego[ing] arbitration when it believes that the outcome in litigation will be favorable to it, proceeding with extensive discovery and court proceedings, and then suddenly changing course and pursuing arbitration when its prospects of victory in litigation dim."  Id.  With that said, a party does not waive its right by failing to move for arbitration when doing so would be futile, Garcia, 699 F.3d at 1278, and the Eleventh Circuit has rejected the notion that, as a general matter, "a party waives its right to arbitrate based on its actions taken in a previous legal action," Payne, 81 F.4th at 1201.

Here, Plaintiff argues that Defendant forfeited its right to arbitrate because it did not move to compel arbitration in a previous case in this District where Plaintiff brought various claims against Defendant related to incidents of workplace sexual harassment. [Doc. 11, pp. 5, 11–14]. The Court is unpersuaded by Plaintiff's argument for two reasons. First, it appears that arbitration of Plaintiff's claims in the prior case was barred by the Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, which rendered arbitration clauses unenforceable as to any "dispute relating to conduct that is alleged to constitute sexual harassment under applicable Federal, Tribal, or State law." 9 U.S.C. § 401(4). Thus, moving to compel arbitration in that case would have been futile.

Second, even assuming those claims were arbitrable, the Eleventh Circuit has declined to adopt Plaintiff's theory that the failure to invoke arbitration in one case generally forfeits a party's right to arbitrate in other cases. Payne, 81 F.4th at 1201. Although the panel stopped short of holding that waiver can *never* be inferred from a party's conduct in a different case, the Court sees no reason to depart from Payne here.[1] This litigation is in a nascent stage, and Defendant has

---

[1] Other courts agree that waiver of the right to arbitrate in one case does not extend beyond that case. Meadows v. Cebridge Acquisition, LLC, 132 F.4th 716, 734 (4th Cir. 2025) (collecting cases).

diligently pursued its right to arbitrate thus far.  In other words, there is no basis to reasonably conclude that Defendant has raised arbitration as a tactical, last-minute change in litigation strategy to avoid an imminent loss in court.  As such, Defendant's conduct does not "smack[] of outcome-oriented gamesmanship" as contemplated by the waiver doctrine.  Gutierrez, 889 F.3d at 1236.  Thus, after considering the background of this case, the Court finds that Defendant has not waived its right to arbitrate.  The Court will, therefore, compel arbitration.

### III.  Attorney's Fees, Costs & Expenses

Having found this case should be sent to arbitration, the Court now turns to whether the provision requiring Plaintiff to pay Defendant's fees, costs and expenses incurred in connection with referring this case to arbitration is unconscionable.[2]  As a general matter, "Ohio fee-shifting law follows the 'American Rule,' which . . . requires that litigants pay their own legal fees regardless of a case's outcome."  Boyd v. Allied Home Mortg. Cap. Corp., 523 F. Supp. 2d 650, 658 (N.D. Ohio 2007).[3]  However, parties are generally permitted to

---

[2] Plaintiff also argues the provision is inapplicable because her FLSA claim does not arise under the Employment Agreement.  Accepting that argument would require the Court to rule on arbitrability, which it cannot do.  With that said, assuming the claim does not arise under the Employment Agreement, Plaintiff was still required to bring the claim in arbitration for a threshold determination of arbitrability.  Thus, the fee-shifting provision applies regardless.

[3] The Employment Agreement is governed by Ohio law pursuant to a choice-of-law provision. [Doc. 10-2, p. 7].

9

alter that rule by contract. Id. Under some circumstances—for example, in consumer lending contracts—fee-shifting provisions are presumed to be unenforceable due to unequal bargaining power between the parties. Id. at 659. But Ohio courts have found that fee-shifting provisions in employment contracts are enforceable so long as the costs shifted onto the employee do not render arbitration prohibitively expensive. E.g., Manuel v. Honda R & D Ams., Inc., 175 F. Supp. 2d 987, 994 (S.D. Ohio 2011); Cook v. All State Home Mortg., Inc., No. 06-CV-1206, 2006 WL 2252538, at *3 (N.D. Ohio Aug. 7, 2006). In fact, one federal district court in Ohio, after ordering an FLSA case to arbitration, enforced a fee-shifting provision identical to the one in this case. Cook, 2006 WL 2252538, at *3 & n.4.

Plaintiff challenges the fee-shifting provision as unconscionable on two grounds. First, she argues that it is "designed to threaten and dissuade an employee from attempting to challenge" the arbitration clause. [Doc. 11, p. 16 n.30]. Plaintiff's argument falls short, however, because she does not explain how the clause prevents her from raising those challenges. There is nothing in the clause that precludes Plaintiff from contesting the enforceability, validity or scope of the clause in the arbitral proceeding, and, importantly, she does not argue or suggest that arbitration is prohibitively expensive such that the clause effectively

requires her to relinquish her legal claims. Accordingly, the Court will not invalidate the provision on this basis.

Second, Plaintiff argues the fee-shifting provision is unconscionable because it requires her to "forgo the substantive rights afforded to her by" § 3 of the FAA. Id. (quoting Mitsubishi, 473 U.S. at 628). She claims that § 3 gives plaintiffs a right to "file a court action and request a stay of 'trial of the action until such arbitration has been had in accordance with the terms of the agreement.'" Id.

Upon consideration, the Court disagrees with Plaintiff's characterization of the statute. Section 3 provides:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Put simply, the statute allows parties to seek a stay when claims have wrongfully been brought in court, rather than arbitration, and imposes a duty on courts to stay proceedings pending arbitration. The text of the statute does not appear to give parties a right to bring otherwise arbitrable claims in court, and Plaintiff provides no authority supporting that position. After review, this Court is

11

also unable to locate any case law supporting Plaintiff's reading.  In contrast, there are numerous examples of courts enforcing fee-shifting provisions similar to the one at issue here.  E.g., Cook, 2006 WL 2252538, at *3 & n.4; Eyth v. Spectrum Charter Commc'ns, Inc., No. 23-CV-1878, 2025 WL 697464, at *3 (M.D. Fla. Feb. 13, 2025) (collecting cases), R. & R. adopted, 2025 WL 693318 (M.D. Fla. Mar. 4, 2025).  Thus, the Court also declines to invalidate the provision on this ground and will enforce the fee-shifting provision as written.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Compel Arbitration, Stay Proceedings and Dismiss Collective Action [Doc. 10] is **GRANTED** in part.  The motion is **GRANTED** to the extent that Defendant seeks an order compelling arbitration, staying this proceeding and granting fees.  Plaintiff is permitted to file a motion for fees, costs and expenses as contemplated by the Employment Agreement.  To the extent Defendant seeks dismissal of Plaintiff's collective action claim, the motion is **DENIED**.  This action is **STAYED** pending arbitration, and the Clerk is **DIRECTED** to **ADMINISTRATIVELY CLOSE** this case for case management purposes pending arbitration.  The parties shall notify the Court upon completion of the arbitration, and either party shall have the right to move to reopen this case at any time.

**SO ORDERED** this 7th day of May, 2025.

_____
J. P. BOULEE
United States District Judge